IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUKSUOLE MARCIULEVICIENE, on her own behalf and on behalf of all others similarly situated, ) ) ) Plaintiff, ) v. ) ) EMHURST LAKE APARTMENT, LLC, ) DAVID J. AXELROD & ASSOCIATES, ) CERTIFIED SERVICES, INC., and ) SARAH PINE, ) ) Defendants. ) | No. 12 C 1697<br><br>Judge Robert W. Gettleman |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Auksuole Marciuleviciene filed a complaint in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, alleging in Count IX that defendant David J. Axelrod & Associates (for the purposes of this opinion, "defendant"), a law firm, misrepresented the name of its client, Emhurst Lake Apartment, LLC ("Emhurst"), while attempting to collect a debt from plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[1] Defendant Certified Services removed the entire case to this court. Defendant filed the instant motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and

---

[1] While Count IX is the only subject of this opinion, plaintiff filed claims against defendant Certified Services, Inc. for violations of 15 U.S.C. §§1692d, e, and j, which this court dismissed with prejudice. Dkt. 35. Plaintiff also filed claims against defendants Emhurst and Sarah Pine jointly for consumer fraud under 815 ILCS 505/1 et seq. (two counts pleaded alternatively), 765 ILCS 710/0.01 et seq., 765 ILCS 715/0.01 et seq., Waukegan Code of Ordinances §§ 6-177(a) and 1-13(a), as well as filing claims for negligence per se (two counts pleaded alternatively), and breach of implied warranty of habitability. These claims have either been dismissed with prejudice or remanded to state court. Dkt. 31. Consequently, Count IX is the only count remaining in this case.

requests attorneys' fees. For the reasons stated herein, defendant's motion is granted, but its request for attorneys' fees is denied.

## FACTS

Plaintiff was a tenant in Emhurst's property located at 1004 Lakehurst Drive # 101 in Waukegan, Illinois, starting in September 2008. In July 2011, Emhurst, counseled by defendant, filed an eviction suit in state court and attained a judgment for $3,500 as well as possession of the leased property. Throughout the eviction suit, defendant incorrectly referred to Emhurst as "Emhurst Lake Apartments" instead of "Emhurst Lake Apartment, LLC."

## DISCUSSION

Plaintiff contends that dismissal is inappropriate initially because "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). But this "no set of facts" standard is no longer the law, and as the Supreme Court has advised, "the phrase is best forgotten." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 563 (2007) (citations omitted). "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

Rather, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). To provide the defendant with "fair notice of what the claim is

2

and the grounds upon which it rests," Twombly, 550 U.S. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. As such, the facts pleaded in plaintiff's complaint must reach this plausibility standard to overcome a Rule 12(b)(6) motion.

Under this standard, the complaint's factual allegations fail to state an FDCPA claim. First, plaintiff has failed to allege the element of materiality. To show liability under §§1692e and j, plaintiff must plead facts that show that it is plausible that a reasonable "unsophisticated consumer" would have done something differently but for the confusing statement. Hahn v. Triumph P'ships, LLC, 557 F.3d 755, 757-58 (7th Cir. 2009). Plaintiff is incorrect that cases such as Hahn or Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643 (7th Cir. 2009) do not apply because these decisions concerned motions for summary judgment. The statement that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement" is substantive law, and does not change depending on the procedural motion being decided. Hahn, 557 F.3d at 757. Because plaintiff has not alleged any fact to suggest that defendant's actions would confuse a reasonable unsophisticated consumer, she has not adequately alleged claims under §§ 1692e(11), 1692e(14), 1692j, or 1692e(10).

Even if plaintiff had alleged materiality, her FDCPA claim would still be insufficient. As to her claim pursuant to 1692e(11), plaintiff alleges that defendant "[f]ailed to disclose that Axelrod was working as a debt collector, was attempting to collect a debt and that any information obtained would be used for that purpose." Compl. ¶ 51(a). Section 1692e(11) defines this violation as "the failure to disclose . . . that the communication is from a debt collector" and "the failure to disclose . . . that the debt collector is attempting to collect a debt, and that any information obtained will be used for that purpose." Thus, the language in the complaint is merely a "formulaic recitation of the elements of a cause of action," and adds no other facts to make the allegation plausible. Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (quoted in Twombly, 550 U.S. at 555) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Further, the "Notice in compliance with the fair debt collection practices act," attached to plaintiff's complaint, contradicts these allegations. See Thompson v. Illinois Dept. of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) ("The fact remains that where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim."). In the notice, defendant specifically states: "The Complaint at Law to which this notice is attached is an attempt to collect a debt, and any information obtained from you will be used for that purpose." The bottom paragraph reiterates: "This advice pertains to your dealings with me as a debt collector."

Further, plaintiff's claim under § 1692e(14) fails as a matter of law. The plain language of the statute makes it an offense to use "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §

4

1692e(14) (emphasis added).  Because Emhurst is not the debt collector in this case, using an incorrect name to identify them is not a violation of the statute.

Finally, plaintiff's complaint pursuant to § 1692j(a) is insufficient according to plaintiff's own evidence—in this case, the lease agreement between Emhurst and plaintiff attached to plaintiff's complaint.  On that document, Emhurst clearly represents itself as "Emhurst Lake Apartments."  As such, plaintiff knew "Emhurst Lake Apartments" as the company she had contracted with, and thus had no reason to think that a third party had become involved by the incorrect use of "Emhurst Lake Apartments" in the eviction proceedings.

This lease also shows that there cannot be a plausible allegation of materiality for any of the claims under the FDCPA.  Using the name "Emhurst Lake Apartments" could not confuse a reasonable unsophisticated customer, because a reasonable unsophisticated customer would not be confused by a name in a lawsuit that is <u>exactly the same</u> as the name appearing in her lease.  Because plaintiff has not stated a claim on which relief can be granted, and the documents she had filed with the court demonstrate that she cannot state an FDCPA claim, her complaint is dismissed with prejudice.

Defendant also asks the court to award attorneys' fees as a sanction, presumably pursuant to Rule 11 of the Federal Rules of Civil Procedure for failing to make a claim grounded in law or fact.  While plaintiff's claim is grounded neither in law nor in fact, a motion for sanctions under Rule 11 must be separate from "any other motions or requests," and plaintiff must receive the motion first to have adequate notice.  <u>Baaske v. City of Rolling Meadows</u>, 191 F. Supp. 2d 1009, 1018 (N.D. Ill. 2002).  Because defendant did not comply with either of these requirements, its request for fees is denied.

## CONCLUSION

Thus, for the above reasons, defendant's motion to dismiss under 12(b)(6) is granted with prejudice, but defendant's request for attorneys' fees is denied.


**ENTER:** June 21, 2012

_____
**Robert W. Gettleman
United States District Judge**